UNITED STATES of America, Plaintiff,

v.

Harold A. GOODMAN, Sr., an Individual, trading and doing business as Goodman Fish Company, Defendant.

UNITED STATES of America, Plaintiff,

v.

EWIG BROS. CO., INC., a corporation, and Eugene W. Ewig, an Individual, Defendants.

UNITED STATES of America, Plaintiff,

v.

STREGE & ROUSAR FISH COMPANY, a partnership, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

Raymond S. STREGE, an Individual, trading and doing business as Ray's Fish Company, Defendant.

UNITED STATES of America, Plaintiff,

v.

Robert E. STREGE, an Individual, doing business as Robert Strege Co., Defendant.

UNITED STATES of America, Plaintiff,

v.

G AND M FISHERIES, a partnership, et al., Defendants.

Nos. 71–C–157, 71–C–158, 71–C–160, 71–C–229 to 71–C–231.

United States District Court, E. D. Wisconsin.

Nov. 6, 1972.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for plaintiffs.

Schoone, McManus & Hanson, by Adrian P. Schoone, Racine, Wis., for defendants.

## DECISION

MYRON L. GORDON, District Judge.

At the conclusion of the trial, I indicated that I was satisfied of the plaintiff's entitlement to judgment with but one reservation: I wanted to consider further the defendants' contention that 21 U.S.C. § 346a(b) made it mandatory for the administrator to promulgate the regulations establishing tolerances. I have now concluded that the defendants' interpretation is incorrect.

Under 21 U.S.C. § 346a, a "poisonous or deleterious pesticide chemical, or any pesticide chemical which is not generally recognized . . . as safe . . . shall be deemed unsafe . . . " unless a tolerance has been prescribed by the administrator.

Although the provisions of subsection (b) would seem, facially, to suggest a duty to promulgate regulations that contain tolerances, I am persuaded that the total statutory scheme contemplates a judicial obligation to enjoin the distribution of unsafe foods even in the absence of a formally promulgated regulation.

The record demonstrates that the foodstuffs in question must be regarded as adulterated because they contain a pesticide chemical which is "unsafe" within the meaning of 21 U.S.C. 346a(a). The testimony at the trial persuades me that DDT in fish designed for human consumption in an amount in excess of five parts per million does not qualify within the provisions of 346a(a) as "generally recognized, among experts . . . as safe."

In view of the foregoing, I have signed the two sets of findings of fact and conclusions of law and also the order for permanent injunction which were submitted by the plaintiff in these six cases.